# IN THE COURT OF APPEALS OF IOWA

No. 16-1933
Filed January 11, 2017

**IN THE INTEREST OF G.R.,**
**Minor Child,**

**J.R., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Webster County, Angela A. Doyle, District Associate Judge.

　　A father appeals from the juvenile court's order terminating his parental rights to his child. **AFFIRMED.**

　　Douglas E. Cook of Cook Law Firm, Jewell, for appellant.

　　Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee.

　　Derek J. Johnson of Johnson & Bonzer, P.L.C., Fort Dodge, attorney and guardian ad litem for minor child.

　　Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A father appeals the juvenile court's order terminating his parental rights to his child, G.R., born in August 2014. We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. S*ee In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2016).[1] He does not challenge the statutory grounds for termination on appeal; thus, we do not address this issue and affirm the statutory grounds for termination. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating that when a parent does not challenge the existence of statutory grounds, we need not address the issue). Instead, the father contends termination is not in the child's best interests because the child may be adopted by her maternal grandmother, which he believes would create a dangerous situation for the child given the child's mother's serious substance-abuse issues. At trial, the father requested that a guardianship be established with the child's grandmother.[2]

G.R. has lived with her maternal grandmother her entire life. The grandmother wants to adopt G.R. She has sought professional help on how to

---

[1] The mother voluntarily consented to the termination of her parental rights to the child. She does not appeal.
[2] The father does not make this same argument on appeal.

handle her daughter's substance-abuse issues and protect G.R. In determining best interests, the juvenile court noted:

> Neither parent is in a position to assume custody of the child at this time. [The mother] and [father] do not have suitable homes for the child. Neither parent desires custody of the child at this time. [The father] does not even want custody after he is released from prison, but believes the child should remain in [the grandmother]'s home. The material, physical, mental and emotional condition and needs of the child cannot be met by the parents, but have been met and continue to be met by the maternal grandmother. In order to further the long-term nurturing and growth of the child, and to meet the physical, mental and emotional condition and needs of the child, the best placement is in the custody of the [Iowa] Department of Human Services [(DHS)] for eventual adoption.

We do not disagree with the juvenile court's conclusion termination is in G.R.'s best interests so that she may be available for adoption. We affirm this part of the juvenile court's termination order.

The father also argues the juvenile court should have granted his request for an additional six months to work toward reunification. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

The father last had contact with his child in December 2014, when she was four months old, even though DHS provided him other opportunities to visit with the child. The father testified at the combined permanency and termination hearing that he has a significant history of substance abuse. At the time of the hearing, he was incarcerated on charges of extortion and possession of methamphetamine. He testified he continued to use methamphetamine until his incarceration in January 2016. The father has a tentative discharge date in

February 2018 but hopes to be paroled before that time. The father admitted at the termination hearing that he would not be able to parent G.R. upon his release from prison but did not want his parental rights terminated because he wanted the opportunity to parent her at some point in the future. Based upon our de novo review of the record, we are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b). We affirm the juvenile court's denial of the father's request for an additional six months.

**AFFIRMED.**